**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Irma Colón et al, | |
| Plaintiffs, | |
| v. | Civil No. 24-1355 (MAJ) |
| Hospital Doctors' Center Bayamón, Inc. et al, | |
| Defendants. | |

**ORDER**

On November 6, 2024, Plaintiffs filed an amended complaint against Hospital Doctors' Center Bayamón, Inc. ("DCHB" or "the Hospital"), emergency room contractor MCCUS Services LLC ("MCCUS"), and the insurance companies of DCHB and MCCUS. Docket No. 31. In summary, Plaintiffs bring a claim against DCHB pursuant to the Emergency Medical Treatment and Active Labor Act ("EMTALA") and invoke the Court's supplemental jurisdiction to adjudicate medical malpractice claims under Puerto Rico law against the individual Defendants. Id. MCCUS and DCHB answered the amended complaint at Docket Nos. 37, 48. DCHB filed a third-party complaint against emergency room physician Dr. Víctor Rivera Cruz alleging that he may be liable, in full or in part, for Plaintiffs' injuries. Docket No. 46.

On December 15, 2025, Plaintiffs filed a motion to compel and for sanctions against DCHB. Docket No. 155. The motion arises from the depositions of Chief Financial Officer Alejandro Santiago ("CFO Santiago"), DCHB's former Medical Director Dr. Edgar Martorell ("Dr. Martorell"), DCHB's Nurse Supervisor Christian López ("Mr. López"), nurse Merlinette Hernández ("Ms. Hernández"), and nurse Luis Roa Cordero ("Mr. Roa"). See Docket Nos. 155-1, 155-2, 155-3, 155-4, 155-5. According to Plaintiffs, DCHB repeatedly engaged in improper litigation tactics that contravene the Federal Rules of Civil Procedure and the rules of professional ethics. Plaintiffs argue that sanctions are warranted because DCHB: (1) improperly instructed deponents not to answer, (2) coached deponents through speaking objections, and (3) otherwise obstructed Plaintiffs' due process right to obtain discovery while violating ethical obligations. Based on this alleged pattern of misconduct, Plaintiffs seek the following relief: (1) an order

Irma Colón et al v. Doctors' Center Hospital Bayamón, Inc. et al
Civil No. 24-1355 (MAJ)

compelling CFO Santiago to appear for a continuation of his deposition to answer previously unanswered questions; (2) payment of all costs associated with that deposition; (3) reimbursement of expenses related to the deposition of Dr. Martorell, including translation costs; (4) attorneys' fees incurred in bringing this motion; and (5) an adverse jury instruction regarding testimony allegedly altered after improper coaching during Mr. López's deposition. Id. at pp. 36-37.

DCHB argues that Plaintiffs mischaracterize the record and falsely attribute misconduct to DCHB's counsel. Docket No. 170 at pp. 28-30. They contend that most instructions not to answer or speaking objections came from other attorneys, not DCBH's attorneys, and that Plaintiffs were able to conduct these five depositions without obstruction. Defendants further argue that there is no basis to reopen CFO Santiago's deposition because the unanswered questions were irrelevant and beyond the scope of the Court's order at Docket No. 106, and that Plaintiffs' cost-shifting requests contradict prior stipulations— particularly regarding translation expenses, which Plaintiffs agreed to share. They also reject any basis for sanctions or an adverse jury instruction, asserting that the record shows consistent testimony and no improper coaching, and instead request that Plaintiffs bear the costs of responding to what they characterize as a frivolous motion.

On January 7, 2026, I heard oral arguments from both sides. Docket No. 180. For the reasons discussed below, the motion to compel and request for sanctions is **GRANTED in part and DENIED in part**.

## I.    Discussion

Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Depositions are governed by Rule 30(c), which provides that examination of a witness is to be conducted as it would at trial, with objections made on the record. The witness must answer the question subject to the objection which is thereby preserved for trial. See Ralston Purina Co. v. McFarland, 550 F.2d 967, 973 (4th Cir.1977); 7B Moore's Federal Practice § 30.43 (3d ed. 1999). Rule 30(c)(2) further requires that objections be stated concisely and in a nonargumentative and nonsuggestive manner. The rule makes clear that, notwithstanding an objection, the examination must proceed, and the witness must answer the question. An instruction not to answer is permitted only in limited circumstances— namely, when necessary to preserve a privilege, to enforce a limitation ordered by the Court, or to present a motion under Rule 30(d)(3).

2

Irma Colón et al v. Doctors' Center Hospital Bayamón, Inc. et al
Civil No. 24-1355 (MAJ)

Courts have consistently emphasized that a deposition is intended to be a question-and-answer exchange between the examining attorney and the witness. See Plaisted v. Geisinger Med. Ctr., 210 F.R.D. 527, 534 (M.D. Pa. 2002). Counsel for the witness may not serve as an intermediary by interpreting questions or suggesting answers. If a question is unclear, it is the witness— not counsel— who must request clarification. See Córdova v. United States, 2006 WL 4109659, at *2 (D.N.M. July 30, 2006). "The court may impose an appropriate sanction— including the reasonable expenses and attorney's fees incurred by any party— on a person who impedes, delays, or frustrates the fair examination of the deponent." FED. R. CIV. P. 30(d)(2). If the deponent or another person impedes or delays the examination, the court may also authorize that the deposition continue for additional time. FED. R. CIV. P. 30(d)(1).

### A.    CFO Santiago's Deposition

Plaintiffs allege that DCHB's attorneys improperly instructed CFO Santiago not to answer questions concerning DCHB's relationship with its holding company, DCH Holdings, LLC, and other affiliated entities. Docket No. 170. Specifically, Plaintiffs sought testimony regarding whether DCHB is part of a broader corporate group and the implications of that relationship. DCHB argues that such questions exceeded the permissible scope of the deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure, which requires a party deposing a corporation to describe "with reasonable particularity the matters for examination." DCHB further asserts that the presiding District Judge's order at Docket No. 106 limited the deposition to DCHB's audited financial statements for 2023 and 2024 and the Hospital's financial condition during those years. Docket No. 170. According to DCHB, its counsel's instructions not to answer were confined to questions about DCH Holdings, LLC and its affiliates, which are not parties to this action.

The Court's order at Docket No. 106 provides that "within reasonable bounds, deposition testimony from a corporate officer of DCHB regarding the financial status of the corporation is relevant and proportional," but limits Plaintiffs to inquiring about DCHB's audited financial statements for 2023 and 2024. Plaintiffs' Rule 30(b)(6) notice required DCHB's designated representative to "explain in detail all information provided in each numbered note contained in the Notes to the Financial Statements, including but not limited to the note's meaning, its financial composition". See Docket No. 170-5. The notice also contemplated detailed examination of disclosures regarding DCHB's net worth and financial condition, particularly in connection with

3

Irma Colón et al v. Doctors' Center Hospital Bayamón, Inc. et al
Civil No. 24-1355 (MAJ)

Plaintiffs' punitive damages claim. Id. DCHB has not argued that it objected to the 30(b)(6) notice of deposition made by Plaintiffs.

Plaintiffs emphasize that Note 9 to the 2023 and 2024 audited financial statements expressly states that the Hospital is a member of an affiliated group under common control. Docket No. 93-9 at p. 33; Docket No. 173-1 at p. 32. The note further discloses that DCHB has engaged in significant transactions with related entities under terms determined by group management and cautions that the financial statements "may not necessarily be indicative of the conditions that would have existed or the results of operations if the Hospital had been operated as an unaffiliated entity." Id. In light of these disclosures, Plaintiffs seek to reopen the deposition to ask: (1) whether DCHB is part of a corporate group, and (2) what it means for DCHB to be part of such a group.

DCHB objected to these questions on the ground that they exceed the scope of the deposition. However, objections that a question exceeded the scope of the deposition are improper grounds for instructing a witness not to answer. Doe v. City of San Diego, 2013 WL 6577065, at *5 (S.D. Cal. Dec. 13, 2013). Moreover, these questions fall within both the Court's order at Docket No. 106 and Plaintiffs' Rule 30(b)(6) notice. The Court's instructions that questions be limited to DCHB's "financial status" necessarily encompasses explanations of disclosures contained in the audited financial statements, including any conditions affecting their reliability. Because Note 9 explicitly states that DCHB's status as a member of an affiliated corporate group may affect the accuracy and representativeness of its financial condition, inquiry into the nature and effect of that affiliation is relevant for assessing any punitive damages.

Accordingly, the instruction by counsel not to answer those questions was improper. Plaintiffs are entitled to inquire whether and how DCHB's status as a member of an affiliated corporate group— that is, its role as an affiliate of DCH Holdings, LLC— affects its financial condition and the extent to which its audited financial statements accurately reflect that condition. Plaintiffs may therefore reopen CFO Santiago's deposition for the limited purpose of addressing these issues only. Notwithstanding the foregoing, the allowed inquiry is to be narrowly confined to the effect of DCHB's corporate affiliations on its own financial condition. Plaintiffs may not seek discovery of the financial condition of DCH Holdings, LLC, or any affiliated entities, as those entities are not parties to this action. This limitation is appropriate because DCHB is the only entity potentially liable for damages in this case. Therefore, Plaintiffs may reopen CFO Santiago's

Irma Colón et al v. Doctors' Center Hospital Bayamón, Inc. et al
Civil No. 24-1355 (MAJ)

deposition within the next week (to be completed on or before April 22, 2026), but the deposition is not to exceed one (1) hour. DCHB is **ORDERED** to bear the costs associated with the continuation of CFO Santiago's deposition.

### B.    Dr. Martorell's Deposition

Plaintiffs also argue that DCHB's attorneys coached Dr. Martorell through speaking objections in violation of Rule 30(d)(1) of the Federal Rules of Civil Procedure. However, DCHB maintains that the instances cited by Plaintiffs involved objections made by Attorney Miranda Dalecio— Dr. Martorell's personal counsel— rather than DCHB's attorneys. The Court agrees that Attorney Miranda Dalecio was responsible for improperly instructing Dr. Martorell not to answer certain questions. Nonetheless, the record also reflects that DCHB's counsel repeatedly interposed speaking objections. Throughout the deposition, DCHB's counsel also at times instructed the witness not to answer premised on an "asked and answered" objection. See Docket No. 174-1 at pp. 33, 38, 45-46, 61-62, 64, 86, 102, 112-114, 123, 128, 172, 202, 205. Speaking objections and instructions to not answer in this context were improper. Lund v. Matthews, 2014 WL 517569, at *5 (D. Neb. Feb. 7, 2014) (awarding sanctions where counsel made objections with commentary that coached the deponent's answers and instructed the witness not to answer on the basis of an "asked and answered" objection); Plaisted v. Geisinger Med. Ctr., 210 F.R.D. 527, 534 (M.D. Pa. 2002) (improper for the witness's own lawyer to act as an intermediary, interpreting questions, deciding what questions the witness should answer). DCHB is therefore **ORDERED** to reimburse Plaintiffs for the costs associated with Dr. Martorell's deposition once Plaintiffs have provided DCHB with evidence of those costs. This order does not include the payment by DCHB of the costs of translation, as the parties have reached an agreement on translations and may not even need a translation of the entire transcript of the deposition for trial.

### C.    Ms. Hernández's Deposition

Plaintiffs argue that DCHB's counsel improperly instructed Ms. Hernández not to answer certain questions during her deposition. DCHB contends that the only instruction not to answer concerned whether Ms. Hernández had signed a conflict waiver with DCHB's attorneys. According to DCHB, this issue had already been resolved by the undersigned, when I deemed the question irrelevant given that the witness was being deposed in her capacity as a hospital employee. Docket No. 170. Under Fed. R. Civ. P. 30(c)(2), counsel may instruct a witness not to answer to

Irma Colón et al v. Doctors' Center Hospital Bayamón, Inc. et al
Civil No. 24-1355 (MAJ)

enforce a limitation ordered by the Court. There was a clear and unambiguous ruling by me on this issue. Docket No. 111. The instruction not to answer fell within the permissible category.

I feel obliged to note that the deposition transcript reflects repeated hostility and unwarranted disputes between counsel for Plaintiffs and DCHB. Such conduct falls well below the level of professionalism expected of attorneys in this District, particularly those who are seasoned practitioners. This is not an isolated occurrence. The minute entry from a prior discovery dispute likewise documents a similar pattern of contentious behavior. Docket No. 111. Counsel for both parties are reminded that depositions are not forums for adversarial posturing, and that they are expected to conduct themselves with decorum. Entertaining disputes due to counsel's inability to exercise civility during litigation results in a sheer waste of judicial resources. As such, the parties are forewarned that in the future I will not hesitate to impose sanctions to compensate the Court for the waste of its resources at a rate of no less than $1,900 per hour (rounded down from $1,927.13). See In re Engle Cases, 283 F.Supp.3d 1174, 1253-154 (M.D. Fla. 2017) (using the Rand Study's estimate and the Bureau of Labor Statistics inflation-adjustment calculator to determine sanctions); Nogess v. Poydras Ctr., LLC, 2017 WL 396307, at *15 (E.D. La. Jan. 30, 2017) (collecting cases from the Rand Study to calculate sanctions and finding that an hour of the judiciary's time in 2016 was worth $1,500); Kidwell v. Ruby IV, L.L.C., 2020 WL 6391260, at *9 (E.D. La. Nov. 2, 2020) (finding that the $600-per-hour rate in 1982 should be adjusted to $1,650 in 2020).

### D.     Mr. Roa's Deposition

Plaintiffs allege that DCHB's counsel issued improper instructions not to answer and speaking objections during Mr. Roa's deposition. However, the record does not support this contention. See Docket No. 155-4 at pp. 29, 123, 153, 361. As DCHB correctly points out, the objections and instructions cited by Plaintiffs were made by counsel for other parties—namely, attorney Gilberto Oliveras (counsel for Mr. Roa) and Benjamin Morales (counsel for MCCUS)—not by DCHB's counsel. In the limited instances where DCHB's counsel objected, she did so appropriately by stating "objection to form," which complies with Rule 30(c)(2). See Docket No. 155-4 at pp. 152-154. Accordingly, the Court finds no basis to conclude that DCHB's counsel engaged in improper conduct during Mr. Roa's deposition.

Irma Colón et al v. Doctors' Center Hospital Bayamón, Inc. et al
Civil No. 24-1355 (MAJ)

### E.    Mr. López's Deposition

Plaintiffs assert that Mr. López changed his testimony regarding the existence of a manual for the treatment of most common conditions after being coached through improper speaking objections during his deposition. Docket No. 155. Plaintiffs request that the Court issue an adverse jury instruction. DCHB disputes this characterization, asserting that Mr. López consistently testified that there is no separate manual addressing the most common conditions and their treatment. Docket No. 170. After a careful review of the deposition transcript, the Court finds that Mr. López consistently testified that there is no separate manual addressing the most common conditions and their treatment. See Docket No. 155-5 at pp. 77-78, 80-81. This testimony is also consistent with his prior affidavit at Docket No. 170-7. The Court further observes that Plaintiffs' counsel repeatedly posed the same question despite receiving clear and unequivocal answers. Although objections were interposed during this line of questioning, the record does not reflect improper coaching. Instead, it was the repetitive questioning by Plaintiffs' counsel that contributed to prolonging and, at times, frustrating the orderly examination of the witness. An adverse jury instruction is not warranted.

### II.    Conclusion

For the reasons discussed above, Plaintiff's motion to compel and request for sanctions at Docket No. 155 is **GRANTED in part and DENIED in part**. DCHB shall produce CFO Santiago for a continuation of his deposition within the next week (on or before April 22, 2026), which is not to exceed one (1) hour, and for the limited purpose discussed above. DCHB shall bear the costs associated with reopening CFO Santiago's deposition. DCHB shall also bear the costs associated with Dr. Martorell's deposition, excluding the costs of translation. Because I find that Plaintiffs' counsel contributed to the delays and difficulties encountered during the depositions, particularly those of Mr. López and CFO Santiago, and because some of the requests made by Plaintiffs have no merit, each party is to bear the costs and fees of litigating the matters discussed in this order.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 15th day of April 2026.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge

7